UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| JAMES LEE EMERY and | ) | Case No. 07-40088 |
| KATHY MARIE EMERY | ) | Chapter 7 |
|     Debtors | ) | |
| _____ | ) | |
| JAMES LEE EMERY and | ) | |
| KATHY MARIE EMERY | ) | |
|     Plaintiffs | ) | |
| vs. | ) | A.P. No. 07-4029 |
| INTERNAL REVENUE SERVICE, et al. | ) | |
|     Defendants | ) | |
| _____ | ) | |

**MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT**

This proceeding comes before the Court on the motion for summary judgment filed by the Internal Revenue Service ("IRS"). Upon consideration of the summary judgment motion and the supporting documentation, the Court holds that summary judgment should be granted in favor of the IRS.

**I.     STATEMENT OF JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (E), and (I). Venue of this adversary proceeding in this Court is proper under 28 U.S.C. §1409(a), as this proceeding arises in and relates to the Debtors' Chapter 7 case pending in this District.

**II.     SUMMARY JUDGMENT STANDARD**

The Court can render summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is appropriate when the record taken as a whole, and viewed in the light most favorable to the nonmoving party, could not lead a rational trier of fact to find for the nonmoving party.

*Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*citing First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 289 (1968)).  The party seeking summary judgment bears the burden initially of showing that there is no genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may rely on the pleadings, depositions, answers to interrogatories, and admissions on file.  *Id.*  Once the moving party has made a proper motion for summary judgment, the nonmoving party may not rely upon mere allegations to rebut the motion, but instead must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. Fed. R. Civ. P. 56(e).  The nonmoving party must produce more than a "mere scintilla" of evidence to support its claim, once a properly supported motion for summary judgment has been made.

### III.    FACTS

On March 24, 2003, the Service filed a notice of federal tax lien for the Debtors' 2000 federal income tax liability. On January 29, 2007, the Debtors filed their petition for Chapter 7 bankruptcy relief.  In Schedule C, attached to their petition, the Debtors claimed as exempt their 2006 federal income tax overpayments.  No party in interest objected to the Debtors' claim of exemptions. On or about March 12, 2007, the Debtors filed their 2006 federal income tax return.  As indicated in their 2006 federal income tax return, the Debtors had an overpayment in the amount of $2,380.00 ($2,371.23 in tax and $8.77 in interest).  On April 15, 2007, this overpayment was offset against Debtors' 2000 federal income tax liability.  On May 10, 2007, Debtors received a discharge.

The Debtors initiated this complaint on May 7, 2007, seeking to set aside the transfer of the Debtors' exempt property under 11 U.S.C. § 522(h), and to determine the dischargeability of pre-petition tax obligations under 11 U.S.C. § 523(a)(1).  The IRS answered asserting that its pre-petition tax liens survive bankruptcy and may be enforced against exempt or abandoned property, even when

the underlying tax liability has been discharged.

The IRS now moves for summary judgment. As grounds for its motion, the IRS argues that (1) it has a right of offset pursuant to 26 U.S.C. § 6402 and 11 U.S.C. § 553, which enables it to offset the Debtors' 2006 federal income tax overpayment against the Debtors' 2000 federal income tax liability. Furthermore, the Debtors' listing of their 2006 federal income tax overpayment as exempt property under 11 U.S.C. § 522 did not affect the IRS's right of offset. Nor did the undisputed discharge of Debtors' 2000 income tax liability affect the right of offset.

## IV.   LEGAL DISCUSSION

Set-off "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the 'absurdity of making A pay B when B owes A.'" Citizens Bank v. Strumpf, 516 U.S. 16, 18 (1995) (citing Sutdley v. Boylston Nat'l Bank, 229 U.S. 523, 528 (1913)). Section § 553(a) of the Bankruptcy Code provides that, with certain non-relevant exceptions not present here, whatever set-off rights exist outside of bankruptcy are preserved in bankruptcy. Id. Section 6402 of Title 26 provides the IRS with set-off rights. Section 6402(a) authorizes the IRS to set-off a taxpayer's overpayment against any of the taxpayer's outstanding tax liabilities. Thus, in the present case, the IRS had statutory authority to set-off the Debtors' overpayment for their 2006 federal income tax against their 2000 federal income tax liability. The Debtors do not dispute that the IRS has met the requirements for a valid set-off. The question now turns to whether the Debtors exemption of this property can defeat the set-off rights of the IRS.

It is undisputed that the Debtors listed this property in their Schedule C of exempt property, or that no party in interest objected to the Debtors' claim of exemptions. As no party objected to the Debtors' claimed exemptions, their 2006 federal tax refund became exempt under § 522(a). Taylor

v. Freeland, 503 U.S. 638, 643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) ("unless a party in interest objects, the property claimed as exempt on such list is exempt."). Of course, § 522(a) must be read in connection with § 522(c). Section 522(c)(2)(B) provides that "property exempted under this section is not liable during or after the case for any debt of the debtor that arose...before the commencement of the case, except...a debt secured by a lien that is a tax lien, notice of which has been properly filed." In the present case, the IRS properly filed a notice of federal tax lien for Debtors' 2000 federal income tax liability. Therefore, the Debtors exempt property is available to satisfy the Debtors' 2000 federal income tax liability. The question now turns to whether the Debtors' discharge has any bearing on the IRS's set-off rights.

The IRS does not dispute that the Debtors have received a discharge and that their personal liability for their 2000 taxes is discharged. However, the IRS argues that this discharge did not affect the IRS's set-off rights because the right to set-off existed at the time of the filing of the bankruptcy petition. The IRS cites Posey v. United States, 156 B.R. 910, 915 (W.D.N.Y. 1993); Eggemeyer v. Internal Revenue Service (In re Eggemeyer), 75 B.R. 20, 22 (Bankr. S.D. Ill. 1987); and In re Conti, 50 B.R. 142, 149 (Bankr. E.D. Va. 1985) in support of its argument. The Court has reviewed these decisions and agrees with their conclusions that when the debts are mutual pre-petition debts, a discharge does not bar a party from exercising its set-off rights.

In their response, the Debtors somewhat concede these points argued by the IRS. They argue, however, that the IRS lien is voidable, at least to the extent it is a penalty pursuant to 11 U.S.C. §§ 724 and 726(a)(4). The Court has several problems with this argument. First, this argument raises issues outside the scope of the complaint filed by the Debtors. The Debtors' complaint contains no demand for partial lien avoidance under § 724 or § 726.

Furthermore, even if the Court were to consider this argument, the Court doubts whether the Debtors have standing to prosecute a lien avoidance action under § 724.  Section 724 authorizes a trustee to seek lien avoidances in certain situations, however, it makes no provision for debtors to bring lien avoidance actions.  See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000).  While that case concerned the application of § 506(c), its analysis is equally fitting to the question presented here.  Section 506(c) provides as follows: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c).  A creditor had argued that even though the statute referred to a trustee, it did not necessarily exclude other parties from utilizing it. The Supreme Court rejected this argument and noted that Congress "says in a statute what it means and means in a statute what it says there," the Court gave great weight to the plain reading of the statute. Id. at 1947 (citations omitted).  When "the statute's language is plain, 'the sole function of the courts'"-at least where the disposition required by the text is not absurd-" 'is to enforce it according to its terms.' " Id. citing United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917)).  Section 506(c) appeared quite plain in specifying who may use it-"[t]he trustee."  As in the Hartford case, the statute cited by the Debtors in this case also seems quite plain in specifying who may use it – "[t]he trustee."

For the reasons set forth herein, the Court shall enter an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| JAMES LEE EMERY and | ) | Case No. 07-40088 |
| KATHY MARIE EMERY | ) | Chapter 7 |
|     Debtors | ) | |
| _____ | ) | |
| JAMES LEE EMERY and | ) | |
| KATHY MARIE EMERY | ) | |
|     Plaintiffs | ) | |
| vs. | ) | A.P. No. 07-4092 |
| INTERNAL REVENUE SERVICE, et al. | ) | |
|     Defendants | ) | |

**JUDGMENT**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

**IT IS ORDERED** the Internal Revenue Service's Motion for Summary Judgment is **GRANTED**, and Plaintiffs' Complaint is hereby dismissed, with prejudice.